WEAVER, J.
{concurring in the result only). I concur in the result of the majority opinion because defendant *617 Allstate Insurance Company lacks the authority to challenge the corporate status of cross-plaintiff PT Works, Inc. Under MCL 450.1221, only the Attorney General is authorized to challenge an entity’s corporate status.
I write separately because I disagree with the opinion’s strained discussion of the standing test erroneously created by the majority of four (Chief Justice Taylor and Justices CORRIGAN, YOUNG, and MARKMAN) in Lee v Macomb Co Bd of Comm’rs,[1] Nat’l Wildlife Federation v Cleveland Cliffs Iron Co,[2] Rohde v Ann Arbor Pub Schools,[3] and Michigan Citizens for Water Conservation v Nestlé Waters North America Inc.[4] In those cases, the majority of four systematically dismantled Michigan’s law on standing and replaced years of precedent with its own test that denies Michigan citizens access to the courts.[5]
Kelly, J., concurred with Weaver, J.

 Lee v Macomb Co Bd of Comm’rs, 464 Mich 726; 629 NW2d 900 (2001).

 Nat’l Wildlife Federation v Cleveland Cliffs Iron Co, 471 Mich 608; 684 NW2d 800 (2004).

 Rohde v Ann Arbor Pub Schools, 479 Mich 336; 737 NW2d 158 (2007).

 Michigan Citizens for Water Conservation v Nestlé Waters North America Inc, 479 Mich 280; 737 NW2d 447 (2007).

 See my opinions chronicling the majority of four’s assault on standing in Lee, 464 Mich at 742; Nat’l Wildlife, 471 Mich at 651; Rohde, 479 Mich at 366; and Michigan Citizens, 479 Mich at 310.